# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MOSE MONTGOMERY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO:** |
| v. ) | **2:18-CV-00835-RDP** |
| ) | |
| **FRESENIUS USA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Fresenius USA Manufacturing, Inc. ("Defendant" or "Fresenius")[1] files its Answer and Affirmative Defenses to Plaintiff Mose Montgomery's ("Plaintiff" or "Montgomery") Complaint and states as follows:

## ANSWER

### I.  JURISDICTION

1. Admitted that Plaintiff purports to bring this action pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq.*, but denied that Defendant has violated the foregoing statutes or that Plaintiff is entitled to any relief whatsoever. Defendant denies all other allegations.

---

[1] Plaintiff incorrectly names Fresenius USA, Inc. as the defendant in this case. Defendant's proper entity name is Fresenius USA Manufacturing, Inc.

2. Admitted that Plaintiff purports to bring this action pursuant to Ala. Code § 25-5-11.1, but denied that Defendant has violated the foregoing statute or that Plaintiff is entitled to any relief whatsoever. Defendant denies all other allegations.

3. Upon information and belief, admitted that Plaintiff is a resident of Birmingham, Jefferson County, Alabama. Further admitted that venue is proper in the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1391(b). Defendant denies all other allegations.

4. Admitted, except denied that Defendant's entity name is "Fresenius Medical Care."

### III. STATEMENT OF FACTS

5. Defendant restates and incorporates its responses to paragraphs 1-4 above as if fully set forth herein.

6. Denied.

7. Denied.

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

13. Admitted.

14. Admitted that Breitler was Plaintiff's supervisor.

15. Denied.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31.   Admitted that Defendant employed an individual named Hailey.

32.   Denied.

33.   Admitted that Defendant employed an individual named Tytiana.

34.   Denied.

35.   Denied.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Admitted that Defendant employed an individual named Doretha Hill. Defendant denies all other allegations.

40.   Denied.

41.   Denied.

42.   Denied.

43.   Admitted that Plaintiff was issued a written discipline dated July 19, 2017. Defendant denies all other allegations.

44.   Denied.

45.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

46.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

49. Admitted that Defendant employed an individual named David.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Admitted that Plaintiff was terminated on November 2, 2017. Defendant denies all other allegations.

59. Denied.

**IV. COUNT ONE – FMLA INTERFERENCE**

60. Defendant restates and incorporates its responses to paragraphs 1-59 above as if fully set forth herein.

61. Admitted.

62. Admitted.

63. Admitted.

64. Denied.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

67. Admitted that Defendant provided Plaintiff with FMLA Rights and Responsibilities. Defendant denies all other allegations.

68. Admitted that Defendant provided Plaintiff with a Continuous Own Health Condition Designation Notice. Defendant denies all other allegations.

69. Admitted that Defendant provided Plaintiff with a Health Care Provider Certification Form (Employee's Own Health Condition). Defendant denies all other allegations.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

## V. COUNT TWO – FMLA TERMINATION

74. Defendant restates and incorporates its responses to paragraphs 1-73 above as if fully set forth herein.

75. Admitted.

76. Admitted.

77. Admitted.

78. Denied.

79. Denied.

80. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

81. Admitted that Defendant provided Plaintiff with FMLA Rights and Responsibilities. Defendant denies all other allegations.

82. Admitted that Defendant provided Plaintiff with a Continuous Own Health Condition Designation Notice. Defendant denies all other allegations.

83. Admitted that Defendant provided Plaintiff with a Health Care Provider Certification Form (Employee's Own Health Condition). Defendant denies all other allegations.

84. Admitted.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## VI. COUNT THREE – FMLA RETALIATION

91. Defendant restates and incorporates its responses to paragraphs 1-90 above as if fully set forth herein.

92. Admitted.

93. Admitted.

94. Admitted.

95. Denied.

96. Denied.

97. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

98. Admitted that Defendant provided Plaintiff with FMLA Rights and Responsibilities. Defendant denies all other allegations.

99. Admitted that Defendant provided Plaintiff with a Continuous Own Health Condition Designation Notice. Defendant denies all other allegations.

100. Admitted that Defendant provided Plaintiff with a Health Care Provider Certification Form (Employee's Own Health Condition). Defendant denies all other allegations.

101. Admitted.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

**VII. COUNT FOUR – RETALIATORY DISCHARGE**

108. Defendant restates and incorporates its responses to paragraphs 1-107 above as if fully set forth herein.

109. Denied.

110. Denied.

111. Admitted.

112. Denied.

113. Denied.

114. Denied.

115. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

116. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

117. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

118. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

119. Admitted that Defendant employed an individual named David. Defendant denies all other allegations.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Admitted that Plaintiff was terminated on November 2, 2017. Defendant denies all other allegations.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

## VIII. PRAYER FOR RELIEF

Defendant denies each and every prayer for relief and denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **DEFENSES**

Subject to and without waiving the foregoing, Defendant asserts the following affirmative defenses:

1. Some or all of the Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred to the extent he has failed to satisfy the prerequisites, jurisdictional or otherwise, to maintain some or all of the claims asserted.

3. Defendant at all times acted in good faith and without retaliatory or discriminatory intent.

4. All actions by Defendant with regard to Plaintiff were made in good faith compliance with applicable provisions of law, rules, regulations, orders, interpretations, practices, or enforcement policies.

5. Plaintiff's claims for damages are barred to the extent that he has failed to act reasonably to mitigate his damages.

6. Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, after-acquired evidence, and/or unclean hands.

7. All of Defendant's decisions and/or actions were undertaken for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons. Alternatively, Defendant's decisions and/or actions challenged as discriminatory or retaliatory would have been undertaken even had Plaintiff not been in the alleged protected status.

8. Defendant did not authorize, condone, or ratify any alleged unlawful conduct or statements.

9. Plaintiff did not engage in activity that was protected under the FMLA.

10. Defendant did not willfully violate the FMLA.

11. Defendant's acts or omissions with respect to Plaintiff were taken in good faith and on reasonable grounds for which it believed it was not in violation of the FMLA.

12. Defendant did not act recklessly or with indifference to the protected rights of Plaintiff.

13. Defendant cannot be held liable for liquidated or punitive damages because any wrongful conduct was contrary to Defendant's good faith efforts to comply with the law.

14. Plaintiff's claims for punitive damages are barred because any imposition of punitive damages against Defendant would constitute a denial of due

process and would be excessive under the Constitutions of the United States and Alabama.

15. Any award of punitive damages claimed by the Plaintiff would be excessive and would violate the contracts clause and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as the corresponding sections of the Constitution of the State of Alabama, upon the following separate grounds:

    a. An award of punitive damages would violate the Defendant's right to due process.

    b. An award of punitive damages would violate the Defendant's right to equal protection of laws.

    c. An award of punitive damages would violate the guarantee that excessive fines shall not be imposed.

    d. An award of punitive damages would violate the prohibition against impairing the obligation of contracts.

    e. The procedure relating to the imposition of such damages improperly failed to provide objective standards limiting the award of, and amount of, punitive damages.

    f. The procedures relating to the imposition of such damages improperly allowed the admission of such evidence relevant to

punitive damages, in the same proceeding, during which liability and compensatory damages are determined.

16. Plaintiff's claim for punitive damages contravenes Defendant's constitutional rights as reserved for a defendant by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and the corresponding sections of the Constitution for the State of Alabama, in that punitive damages are penal and major and tantamount to the imposition of a criminal fine. Further, the guidelines, standard, and/or instructions for the imposition of punitive damages are vague, indefinite, and uncertain and set no limit on the damages that can be awarded. They do not apprise Defendant of the conduct that will subject it to criminal penalties, they expose it to multiple punishment and fines for the same conduct, and they discriminate against Defendant on the basis of wealth and that different amounts can be awarded against different defendants, which may differ only in material wealth, for the same act.

17. Plaintiff's demand for a jury determination of punitive damages must be disregarded and/or struck; the amount of punitive damages (if any) is not a fact to be "tried" by a jury and the right to a jury trial is not implicated. The assessment of punitive damages (if any) is for the Court to determine as a matter of law.

18. Plaintiff's claim for punitive damages are barred further because the acts, if any, and omissions, if any, of Defendant, which are specifically denied, fail

to rise to the level required to sustain an award of punitive damages, were trivial and isolated, were not motivated by evil intent or discrimination, do not evidence a malicious, oppressive, or fraudulent intent to deny Plaintiff his protected rights or to harass or to otherwise discriminate or retaliate against Plaintiff, and are not so wanton and willful as to support an award of punitive damages.

19. Defendant cannot be held liable for liquidated or punitive damages because the employee or employees who committed the alleged discriminatory or retaliatory behavior were not employed in a managerial capacity such that their actions may be imputed to Defendant.

20. Plaintiff's claims are barred and Plaintiff's damages are limited because Plaintiff is guilty of negligence, wantonness, recklessness, and intentional acts which proximately caused or contributed to the injuries or damages claimed.

21. Defendant pleads the defense of justification.

22. No causal relationship can be established between any act or omission of Defendant and the injuries complained of by Plaintiff.

23. Defendant pleads that Plaintiff was an at-will employee.

24. Plaintiff was not ready, willing, and able to work.

25. Defendant avers that Plaintiff cannot prove legal or medical causation.

26. Defendant claims the benefits and protections of Ala. Code §§ 6-11-20 through 6-11-30, as amended.

27. The amount of any compensatory or punitive damage award that Plaintiff might recover from Defendant, if any, is subject to Ala. Code § 6-11-21 and any other applicable caps on damages.

28. Defendant denies all allegations not specifically admitted herein.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief requested in the Complaint.  Accordingly, Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff, together with costs and fees associated with this case, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of September, 2018.

*/s/ M. Jefferson Starling, III*
One of the Attorneys for Defendant
Fresenius USA Manufacturing, Inc.

**OF COUNSEL:**

M. Jefferson Starling, III (STA062)
E-mail: jstarling@balch.com
B. Chelsea Phillips (PHI082)
E-mail: cphillips@balch.com
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of the court and furnished electronically, via the CM/ECF Filing System of the United States District Court for the Northern District of Alabama to the following on this the 26th day of September, 2018:

Kira Fonteneau
The Five Points Law Group, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
Ph: (205) 564-9005

                                                */s/M. Jefferson Starling, III*
                                                Of Counsel